ARAPAHOE TELEPHONE CO. ET AL., APPELLANTS, V. STATE BOARD
OF EQUALIZATION AND ASSESSMENT, APPELLEE.
466 N.W.2d 81

Filed March 1, 1991.   Nos. 89-913 through 89-934.

Paul M. Schudel and Nana G.H. Smith, of Woods & Aitken, for appellants.

Robert M. Spire, Attorney General, and L. Jay Bartel for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal under Neb. Rev. Stat. § 77-510 (Reissue 1990) from the order of the Nebraska State Board of Equalization and Assessment (Board) denying the request of Arapahoe Telephone Company (Arapahoe), a public service entity, for equalization of its centrally assessed property. Pursuant to this court's order of September 11, 1989, Arapahoe and 21 other public service entities (together, Taxpayers) filed "cases stated" in accordance with Neb. Ct. R. of Prac. 5L (rev. 1989), separately setting forth the rulings of the Board complained of and the exceptions and contentions of the parties with respect to those issues.

Due to an identity of issues and counsel, we have consolidated the appeal of Arapahoe (case No. 89-913) with those of Arlington Telephone Company (case No. 89-914); The Blair Telephone Company (case No. 89-915); Benkelman Telephone Company, Inc. (case No. 89-916); Centel Cellular Company (case No. 89-917); Consolidated Telco, Inc. (case No. 89-918); Consolidated Telephone Company (case No. 89-919); Cozad Telephone Company (case No. 89-920); Dalton Telephone Company, Inc. (case No. 89-921); Eastern Nebraska Telephone Company (case No. 89-922); Eustis Telephone Exchange, Inc. (case No. 89-923); GTE North Incorporated (case No. 89-924); The Hamilton Telephone Company (case

No. 89-925); Hartman Telephone Exchanges, Inc. (case No. 89-926); Home Telephone Company of Nebraska (case No. 89-927); Hooper Telephone Company (case No. 89-928); The Lincoln Telephone and Telegraph Company (case No. 89-929); LinTel Systems Inc., doing business as Lincoln Telephone Long Distance (case No. 89-930); The Nebraska Central Telephone Company (case No. 89-931); Plainview Telephone Company, Inc. (case No. 89-932); Rock County Telephone Company (case No. 89-933); and Wauneta Telephone Company (case No. 89-934) for disposition.

The procedural facts are essentially the same as those set forth in *Natural Gas Pipeline Co. v. State Bd. of Equal., ante* p. 357, 466 N.W.2d 461 (1991). The Taxpayers are public service entities within the meaning of Neb. Rev. Stat. § 77-801.01 (Reissue 1990) and own, maintain, and operate telecommunications service businesses in Nebraska. The Taxpayers' property is centrally assessed for property tax purposes pursuant to Neb. Rev. Stat. §§ 77-801 et seq. (Reissue 1990).

On August 11, 1989, the Taxpayers appeared before the Board and asked that their property be equalized with that of other centrally assessed taxpayers, including railroads and carline companies. As in *Natural Gas Pipeline Co., supra*, the Board, in its order of August 15, 1989, construed the Taxpayers' requests for equalization as applications for tax exemption and concluded that it had no statutory or constitutional authority to rule upon such claims.

The Taxpayers have appealed, contending the Board erred (1) in denying their requests to reconsider its decision to equalize the taxable values of the Taxpayers' personal property at 91.91 percent, (2) in finding that it was not constitutionally or statutorily obligated to equalize the Taxpayers' personal property with that of railroads and carline companies in Nebraska, and (3) in finding that it did not have the statutory or constitutional authority to consider the Taxpayers' requests.

The Board contends that the enactment of L.B. 1 and L.B. 7 on November 21, 1989, renders this appeal moot.

The issues raised in this appeal are disposed of by *Natural Gas Pipeline Co., supra*. Therefore, the causes are remanded to

the Board for further proceedings consistent with our opinion in *Natural Gas Pipeline Co.*

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.